IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDY L. MORGAN, T/A/D/B/A )
CONCEPTS RESIDENTIAL )
DESIGN COMPANY, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 04- 1809
 )
HAWTHORNE HOMES, INC., and )
HOWARD HANNA CORPORATION, )
 )
    Defendant. )

## Memorandum Opinion

COHILL, D.J.

    Plaintiff Randy Morgan has filed a complaint alleging breach of contract and copyright infringement against Defendants Hawthorne Homes, Inc. and Howard Hanna Corporation (collectively "Hanna"). Defendants have filed a motion to dismiss for lack of jurisdiction, and motions for summary judgment and partial summary judgment are also pending.

    We write here to dispose of an issue raised after discovery. The parties to this case have directed the Court's attention to two letters. The first is written on Hawthorne Homes letterhead, dated October 3, 2001, and postmarked on August 29, 2006 from New Castle, PA. The typewritten signature line is "Daryll Craig" but the written signature above that line says "Darell P. Craig." After the close of discovery, a photocopy of this letter, purportedly written by Darell Craig to Dave Progar, Tom Ceponis, and Duffy Hanna, was received in the offices of Plaintiff's counsel, Behrend & Ernsberger, Defendants' counsel, Nernberg & Associates, and Howard Hanna. (Daryll Craig letter, Ex 14). Defendants received this letter on August 30, 2006. The copies received in the attorneys' offices appear to be identical, except that a yellow post-it sticker that says "sent to all sides" is attached to Mr. Nernberg's copy.

    The second letter was sent to Hoddy Hanna, and is dated April 20, 2006. (Ex 15). This letter is typewritten on three pages of Howard Hanna letterhead, and is unsigned. The envelope is

postmarked May 12, 2006 from New Castle, PA.

Exhibits 14 and 15 are attached to this Memorandum Opinion.

Defendants argue that these two letters are not authentic, and contend that they were written by the Plaintiff to bolster his case. We determined that these accusations should be resolved before any pending motions could be addressed.

The parties were permitted to conduct limited discovery on this matter, and have submitted proposed findings of fact (Doc. 150, 151), along with other documents, affidavits, and depositions.

Defendants have expanded their earlier contention that Plaintiff created these letters to include several other documents previously offered and authenticated by the Plaintiff. Defendants contend that Exhibits 5, 6, 46, 100, 101, 102, 103, 104, 105, and 106 were also fabricated by the Randy Morgan.

(i)

On February 15, 2007, the parties argued their positions before the undersigned. Defendants offered the expert testimony of David Kaufer, Ph.D., a professor of applied linguistics and head of the English Department at Carnegie Mellon University. Dr. Kaufer applied forensic style analysis and concluded that Randy Morgan authored Exhibit 14 and that he probably authored Exhibit 15 as well. (Kaufer Report Doc. 116).

Defendants also submitted the expert report of Jonathan Burton, Ph.D., who is an associate Professor of English at the University of West Virginia. (Burton Report Doc. 125). Dr. Burton evaluated twenty-six items of correspondence for grammatical and stylistic markers, and concluded that Exhibits 14 and 15 were authored by Randy Morgan and not by Darrell Craig.

Plaintiff presented the testimony of Melissa Morgan, Plaintiff's wife, who testified that her husband told her he was going to be employed by Howard Hanna. Plaintiff also submitted a report by handwriting expert Michelle Dresbold, who was unavailable to testify on the day of the hearing. (Dresbold Report, Doc. 153-2, Pl.'s Ex. A). Dresbold analyzed samples of Plaintiff's handwriting, and concluded that he did not write the sticker "sent to all sides." (Dresbold Report at 3). She then

compared the writing on the sticker with handwriting samples from other Hawthorne Homes employees: Janet Harris, office manager; Terry Bove, financial officer; and David Progar, who worked in sales. Dresbold concluded that it was "highly probable" that the sticker was written by another Hanna employee. (Dresbold Report at 3).

(ii)

**Exhibit 14**

There is certainly evidence from which we conclude that the letter marked as Exhibit 14 is not what it purports to be.

To begin with, there is are the various spellings of Darell Craig's name. The document which was purportedly signed and sent by Mr. Craig, spells his name two different ways: the handwritten signature is spelled "Darell L. Craig" and the typewritten signature is spelled "Daryll Craig." Craig testified at his deposition that he did not author the letter. (Craig Dep. Ex. 8 at 42).

Moreover, those to whom the letter is addressed all testified that they did not receive it. The letter indicates that a copy was directed to Duffy Hanna, who was not a direct employee of Howard Hanna in 2001. He was an associate at the law firm of Doepkin, Keevican & Weiss, and was not involved in any Hawthorne Homes' matter for the firm. (Lloyd Aff. at ¶¶ 22-27). Duffy Hanna did not receive a copy of the letter. (Tr. at 92; Duffy Hanna Aff.).

The other two alleged recipients, Tom Ceponis and David Progar, had nothing to do with the administration of Hawthorne Homes. Ceponis was a Senior Vice-President of Howard Hanna Real Estate Services, and was responsible for marketing and sales operations in the north of Pittsburgh, including Seven Fields. (Lloyd Aff. at ¶¶ 29-31). Ceponis did not receive a copy of Exhibit 14. (Ceponis Aff.). David Progar was Vice President of New Homes in the North of Pittsburgh, including Seven Fields. (Lloyd Aff. at ¶¶ 33-35). He did not receive a copy of the letter. (Progar Aff. at ¶ 8).

The handwriting on the sticker cannot be authenticated, and the original of this letter has not been found. We have only the copies, mailed several years after the letter was dated, one with

3

a sticker saying it was "sent to all sides." We find that Exhibit 14 cannot be authenticated.

**Exhibit 15**

We also conclude that Exhibit 15 is not what it appears to be. This letter is unsigned. It is not copied to anyone. Both letters were mailed in envelopes postmarked from New Castle, PA. The mailing labels are similar, as is the typeface on the address labels. This unsigned document cannot be authenticated.

We find that enough doubts have been raised about these documents that neither can be authenticated, and, therefore, neither would be admissible for any purpose should this case go to trial. However, we have carefully reviewed the submissions in this case and the transcript of the hearing, and must conclude that we do not have a rational basis for finding that Randy Morgan is responsible for creating and sending either letter.

Accordingly, this case will proceed without reference to either letter.

(iii)

We conclude only that these two letters are not admissible. We take no position at this time on the other evidence that Defendants insist has also been fabricated. These documents are not relevant to the two letters which concern us here.

An appropriate Order follows.

May 14, 2007
Date

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:     Counsel of Record