IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY L. MORGAN, T/A/D/B/A<br>CONCEPTS RESIDENTIAL<br>DESIGN COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>HAWTHORNE HOMES, INC., and<br>HOWARD HANNA CORPORATION,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04- 1809<br>)<br>)<br>)<br>)<br>)<br>) |

### Memorandum Opinion

Before the Court are Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction (Doc. 109), and Plaintiff's brief in opposition (Doc. 111).

The gist of Defendants' motion is that Morgan's claims do not arise under the Copyright Act, and, at best, state a breach of contract claim over which we have no jurisdiction.

For the reasons set forth below, we find that we have subject matter jurisdiction over Plaintiff's claims, and will deny Defendants' motion.

### Plaintiff's Claims

Plaintiff is a designer of architectural drawings which have been copyrighted under Morgan's business name, Concept Residential Design Company. (Compl. ¶ 6). Plaintiff alleges that Defendants have infringed on his copyrights and continue to infringe by copying his work on their website without authority to do so. (Compl. ¶ 7).

Count I alleges that Defendants have infringed copyrighted plans for the "Bedford II," by making copies of the plans (Compl. ¶ 14); identifying the design on their website (Compl. ¶ 13); and building the homes in several locations (Compl. ¶ 16).

Count II alleges that Defendants have similarly infringed Plaintiff's copyright for the "Bedford I" or "Bedford Lot 30" plans. (Compl. ¶¶ 20-22).

Count III alleges that Defendants have similarly infringed the "Cambridge" plans.

(Compl.¶¶ 27-29).

Count IV alleges that Defendants have similarly infringed the "Hampton" plans. (Compl. ¶¶ 33-35).

Count V alleges that Defendants have similarly infringed the "Kent" plans. (Compl. ¶¶ 40-42.

Count VI alleges that Defendants have similarly infringed the "Oxford I" plans. (Compl. ¶¶ 47-49).

Count VII alleges that Defendants have similarly infringed the "Wainscott Lot 324" plans. (Compl. ¶¶ 53-55).

Count VII alleges that Defendants have similarly infringed the "York I" plans. (Compl. ¶¶ 60-61).

Count IX alleges breach of Plaintiff's copyright license. Plaintiff granted Seven Fields Development Corporation , where he was employed as an independent contractor, a limited license to use the designs he created. (Compl. ¶¶ 69-70). In 1998, Seven Fields merged with Howard Hanna and Hawthorn Homes, who continued to use his designs without compensating him and without having authority to do so, in violation of the copyright license. (Compl. ¶¶71-75).

## Applicable Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12 (c) tests the court's power to hear Plaintiff's claims. In deciding a motion to dismiss, we must accept as true any well-pleaded allegations, and draw any permissible inferences from those facts in favor of the party opposing the motion. A motion to dismiss may be granted only where the plaintiff has alleged no set of facts which could entitle him to relief. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

Courts have long held that "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement . . . or asserts a claim requiring construction of the Act." *Wolfe v. United Artists Corp.*, 583 F.Supp. 52 (E.D.Pa.

1983) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), *cert. denied*, 381 U.S. 915 (1965)).

Under the Copyright Act, an infringer is one who "violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118." 17 U.S.C. § 501(a). In pertinent part, Section 106 provides that the owner of the copyright has "exclusive rights" to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies . . .

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . .

17 U.S.C. § 106.

Only acts that conflict with an exclusive right conferred by the statute infringe the rights of the copyright holder. *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 155 (1975). Courts have concluded that breach of contract claims, including nonpayment of royalties, failure to give proper authorship credit, or failure to pay a share of revenue, are not claims brought under the Copyright Act. *Wolfe*, 583 F.Supp. 56 (citing *Stepdesign, Inc. v. Research Media, Inc.*, 442 F.Supp. 32, 33 (S.D.N.Y.1977)).

The infringing acts alleged in Morgan's complaint are making unauthorized copies of the plans; identifying the designs on Defendants' website; and building the homes in several locations. In addition, Plaintiff alleges continued use of his copyrighted designs without having a valid licensing agreement to do so, and without compensation. Certainly reproducing copyrighted plans, preparing derivative works, and distributing copies allege violations of the copyright holder's exclusive rights. Moreover, Plaintiff seeks injunctive relief, as well as statutory, compensatory and actual damages, which are permitted by the Copyright Act. We conclude that Plaintiff has alleged claims of copyright infringement, and therefore we have jurisdiction over these non-diverse parties under 28 U.S.C. §§ 1331 and 1338(a).

## Conclusion

For the reasons set forth above, we find that we have subject matter jurisdiction over Plaintiff's claims, and we will deny Defendants' motion to dismiss. An appropriate Order follows.

Done and ordered this __25th__ day of September, 2007.

 

Maurice B. Cohill, Jr.
Senior United States District Judge