**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RANDY L. MORGAN, T/A/D/B/A  )
CONCEPTS RESIDENTIAL    )
DESIGN COMPANY,      )
               )
  **Plaintiff,**        )
               )
  **v.**            )  **C.A. No. 04-1809**
               )
**HAWTHORNE HOMES, INC.**   )
               )
  **Defendants.**      )

## MEMORANDUM ORDER

Presently pending before the court is defendant's "Motion to Sever and Stay" (Doc. 179) and Plaintiff's "Answer to the Motion to Sever and Stay." (Doc. 180). Defendants ask that we order that the action against Hanna Holdings Corporation be severed and Morgan be permitted to immediately appeal our earlier ruling as to Hanna Holdings and that the action against Hawthorne Homes, Inc. be stayed until Morgan's appeal is concluded.

We have broad power to stay proceedings. *Bechtel Corp. v. Laborers' International Union,* 544 F.2d 1207, 1215 (3d Cir.1976). In exercising this discretion, we must weigh the competing interests of the parties and attempt to maintain an even balance. *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 165-66, 81 L.Ed. 153 (1936). In maintaining that even balance, the Court must consider whether "there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1076 (3d Cir.1983) (quoting *Landis,* 299 U.S. at 255, 57 S.Ct. at 166).

We find that in the interest of judicial economy, we should not forestall the trial date in this matter. Such a delay would result in prejudice to plaintiff Randy Morgan. This case is five years old and the parties have filed multiple and voluminous motions which have delayed the trial to date. The outcome of this trial could directly impact the resolution of the second related civil

action which is now two years old.  Hanna Holdings has not shown that it would suffer any hardship or inequity should the trial go forward as planned and an appeal be successfully taken against it.  Nor has Hawthorne shown that a bankruptcy is imminent or that a judgment entered against it would be uncollectible.

AND NOW, to-wit, this 20th day of August, 2009, it is hereby ORDERED, ADJUDGED and DECREED THAT "Defendant's Motion to Sever and Stay" (Doc. 179 ) be and the same hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: record counsel

2