IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY L. MORGAN, T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HAWTHORNE HOMES, INC.<br><br>Defendants. | C.A. No. 04-1809 |

## MEMORANDUM OPINION & ORDER

Presently pending before the Court are numerous motions.

### 1. Motion for Reconsideration of Summary Judgment

The plaintiff Randy Morgan has filed a Motion for Reconsideration of Summary Judgment, in which he challenges our Opinion & Order entered April 14, 2009, wherein we entered judgment in favor of Defendant, Hanna Holdings, Inc. and against Plaintiff (Doc. 174). Thereafter, defendant Hawthorne Homes, Inc. ("Hawthorne"), the sole remaining defendant, filed for protection under Chapter 7 of the Bankruptcy Code. Mr. Morgan argues that during the pendency of the Hawthorne's bankruptcy proceedings, he unearthed evidence of contributory and/or vicarious infringement on the part of Hanna Holdings, and that we should therefore vacate our order and deny the motion for summary judgment as to Hanna Holdings. He also argues the need to correct a clear error of law.

We note that we have read and reviewed plaintiff's Motion for Reconsideration (Doc. 194), Hanna Holdings Response to Plaintiff's Motion for Reconsideration (Doc. 195), Plaintiff's Brief in Support of Motion for Reconsideration (Doc. 196), and Hanna Holding's Brief in Opposition to Plaintiff's Motion for Reconsideration (Doc. 198), as well as the Opinion dated April 14, 2009 (Doc. 172). In addition, on January 11, 2010, we held a hearing on the motion for reconsideration,

at which time counsel made detailed arguments in support of their respective positions on the issue.

Although there was some initial confusion in the briefs over which Federal Rule of Civil Procedure is applicable to plaintiff's request, it is clear now that Plaintiff asks that we consider our prior order as interlocutory in nature, and thus, argues that the basis for granting reconsideration lies in Fed. R. Civ. P. 54 (b), which states, in relevant part:

**Rule 54. Judgment; Costs**

\* \* \*

**(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*

(Emphasis added).

See also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88,(1922) ("the court at any time before final decree may modify or rescind [interlocutory orders]"); United States v. Jerry, 487 F.2d 600, 605 (3d Cir.1973). "[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." Jerry, 487 F.2d at 605.

Nevertheless, "[w]hile a district court has the inherent power to reconsider an interlocutory order, "[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ.P. 59(e)." A & H Sportswear Co. v. Victoria's Secret Stores, Inc., No. Civ. A. 94-7408, 2001 WL 881718, at *1 (E.D.Pa. May 1, 2001). In order to be entitled to relief under Rule 59(e), the "party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3)

2

the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

We find that there has not been an intervening change in controlling law, and plaintiff does not appear to argue that there has been. Also, there is insufficient new evidence that was not available (or, indeed, that was not flagged as important subjects of possible discovery requests which for whatever reason were not pursued) at the time that we entered the order granting summary judgment in favor of Hanna Holdings. In particular, we note that David Lloyd was deposed twice by plaintiff prior to our decision granting summary judgment – the second time with leave of court after we granted plaintiff a second chance to inquire into the financial interplay between Holdings and Hawthorne. In his deposition, Mr. Lloyd specifically referred to the losses incurred by Hawthorne, as well as the $75,000 profit - both subjects which plaintiff now says we should re-examine. In addition, plaintiff was provided with the tax returns before summary judgment and specifically discussed them in his court filings. We see no reason to reverse our previous decision as there is insufficient evidence to support the argument that there was a clear error of law or fact or to prevent manifest injustice. Plaintiff continues to assert that the parent corporation here had a substantial continuing involvement with respect to the allegedly infringing activity of the subsidiary, that Hanna Holdings had the right and ability to supervise the infringing conduct, that Holdings had the knowledge or intent to infringe. The allegedly "new" evidence cited by plaintiff does not alter our prior decision and analysis.

### 2. Motion to Sever

Plaintiff has now been granted a relief from the bankruptcy stay, although Hawthorne Homes has obtained "no asset" bankruptcy protection. Defendants have filed a "Motion to Sever" (Doc. 192) the case against Hanna Holdings so that Morgan can proceed with his planned appeal from our ruling granting summary judgment in Hanna Holdings' favor. They argue that severance would be the most expeditious, economical, and convenient way for the court to handle this matter.

We disagree with the defendants and will deny the motion to sever. This case is one

of the oldest on the docket of this member of the court, and in the interest of justice, a trial should be scheduled at the earliest possible convenience.

### 3. Motion to Reopen Case

Plaintiff has filed a Motion to Reopen Case (Doc. 197). We will grant this motion and will schedule a status conference with the parties at the same time as the post-discovery status conference in the companion case, C.A. 07-803. Counsel are hereby put on notice that the court intends to discuss a global settlement at that time. We reiterate the wording of our initial case management order: "[C]ounsel shall confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation." The court strongly encourages counsel to meet and confer prior to the settlement conference and make every effort to settle without court involvement.

AND NOW, to-wit, this 30th day of March, 2010, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1.) Plaintiff's Motion for Reconsideration of Summary Judgment (Doc. 194) is hereby DENIED;

2.) Defendant's "Motion to Sever" (Doc. 192 ) be and the same hereby is DENIED;

3.) Plaintiff's Motion to Re-Open Case" (Doc. 197) is GRANTED;

4.) The court shall conduct a settlement/status conference on June 7, 2010 at 1:30 p.m. in courtroom 8A, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania..

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: record counsel