# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY L. MORGAN T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>HAWTHORNE HOMES, INC. )<br><br>Defendants. ) | Civil Action No. 04-1809 |

## MEMORANDUM OPINION

Presently before the Court are Plaintiff's Motion in Limine as to Implied License (Doc. 186), Plaintiff's Motion in Limine as to Evidence that is Less Than Clear and Convincing (Doc. 187), and Defendant's brief in opposition thereto (Doc. 215). For the reasons stated below, we will deny both motions.

As to the motion in limine as to evidence that is less than clear and convincing, Plaintiff Morgan argues that the Defendant Hawthorne Homes ("Hawthorne") has not clearly expressed the terms of the implied license it claims as a defense. This Court has already denied Hawthorne's motion for summary judgment on this issue (Doc. 172), ruling that whether Hawthorne obtained an implied license must be determined by the jury because there are disputed issues of material fact. For the same reason, we will deny Plaintiff's motion in limine. The scope and existence of any implied license is a defense that Hawthorne may present at trial.

With respect to the motion in limine as to implied license, Plaintiff contends that the Court should exclude any evidence that Seven Fields asked him to create the drawings that are the subject of this action. He claims, without providing any support, that this evidence is

irrelevant and potentially confusing to the jury. We disagree. The existence of an implied nonexclusive license depends on whether Seven Fields asked Morgan to produce the drawings, whether Morgan complied, whether Morgan intended that Seven Fields distribute his drawings, and whether Morgan waived the requirement of the express permission provision in the license agreement. *See MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991); *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). Likewise, whether Morgan knew about the transfer of the drawings from Seven Fields to Hawthorne (and whether he failed to object) is relevant to whether Hawthorne obtained an implied nonexclusive license from Seven Fields. This Court has already ruled that there are disputed issues of material fact on this point (Doc. 172). The jury will have to determine whether any implied nonexclusive license existed and whether it was transferred to Hawthorne from Seven Fields. For the foregoing reasons, we will deny both motions. An appropriate order will be entered.

Date: 6/3/11

D. Michael Fisher,
United States Circuit Judge

cc:  Counsel of record

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY L. MORGAN T/A/D/B/A CONCEPTS RESIDENTIAL DESIGN COMPANY | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-1809 |
| HAWTHORNE HOMES, INC. | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

AND NOW, to-wit, this 3rd day of June, 2011, for the reasons stated in the accompanying opinion filed contemporaneously hereto, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1). Plaintiff's Motion in Limine as to Implied License (Doc. 186) is hereby DENIED.

2). Plaintiff's Motion in Limine as to Evidence That is Less Than Clear and Convincing (Doc. 187) is hereby DENIED.

D. Michael Fisher
United States Circuit Judge